Dear Mr. Everett:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Cajun Area Agency on Aging which operates under the auspices of Elderly Affairs, a Department of the State of Louisiana. Your questions are as follows:
 1) Are the employees of the Cajun Area Agency on Aging considered "public employees" so as to fall under Article 7, Section 14 of the Louisiana Constitution; and
 2) May the Agency grant retroactive salary increases or bonuses to its employees.
In Attorney General Opinion No. 92-404, attached hereto, this office was presented with the question of whether a parish voluntary council on aging is essentially a public institution subject to the laws on public scrutiny, or whether it is a private, non-profit corporation shielded from the public terms and conditions. After a lengthy analysis, the following conclusion was reached:
 Thus, even though, in our opinion, parish voluntary councils on aging are intrinsically private, non-profit corporations, they would have to be treated as public bodies under public scrutiny laws to the extent that they performed governmental functions and objectives, received and disbursed public funds, and/or used public facilities or resources. However, when handling funds which are given to them from private sources and which are not converted to public funds by being dedicated to public use or by being commingled with public funds, they act as the private, non-profit corporations they intrinsically are.
In regard to your question if the employees are considered "public employees", we note that this previous opinion stated what swayed the opinion to find they are non-profit corporations delegated public functions was the clear and persistent, statutorily expressed intent that "their hallmark characteristic be their volunteerism." It was concluded if the councils on aging were entirely public, the staff would necessarily fall under the state classified civil service, but that would be inconsistent with the statutorily expressed volunteerism. It was stated, "Insofar as they are private, non-profit corporations of primarily a voluntary component, their employees are not in the state classified civil service and may take active parts in political campaigns during non-work hours."
Following the logic of this opinion, we must conclude that the paid personnel are not "public employees", but the reasoning in that opinion indicates that does not mean Article 7, Section14 of the Louisiana Constitution is not applicable.
Since the entity is organized to perform a governmental function and is supported by tax derived funds, they have to be treated as public bodies to the extent that they receive and disburse public funds.
Following this premise, in answer to your second question, if the employees are paid from public funds, we must conclude they cannot be given retroactive raises or bonuses. The giving of a retroactive pay raise from public funds would be a gratuity which violates the prohibition of donation of public funds. See, Atty. Gen. Op. Nos. 93-174, 91-383, 89-190.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0644f